UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIC BOYINGTON,

                Plaintiff,

vs.                        Case No.  2:10-cv-550-FtM-29DNF

THE GEO GROUP, INC.,

                Defendant.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon review of the file. Eric Boyington, a *pro se* plaintiff who is civilly detained at the Florida Civil Commitment Center ("FCCC"), initiated this action by filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. Pursuant to the Court's Order directing Plaintiff to comply with Federal Rules of Civil Procedure 8 and 10, Plaintiff filed an Amended Complaint (Doc. #7, Complaint). Plaintiff seeks leave to proceed *in forma pauperis*. Docs. #1, #8.

**I.**

Despite Plaintiff's non-prisoner status, the Court is required to review the complaint to determine whether the complaint is frivolous, malicious or fails to state a claim before the Court rules on the motion to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[1]  In essence, § 1915(e)(2) is a screening

---

[1]The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff as a civil
(continued...)

process, to be applied *sua sponte* and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349. A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Fed. R. Civ. P.

---

[1](...continued)
detainee. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The United States Court of Appeals for the Eleventh Circuit previously found that a district court did not error by dismissing a complaint filed by a civil detainee for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. Section 1915 (e)(2)(B). Id. at 1260. Other Courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

12(b)(6). <u>Mitchell v. Farcass</u>, 112, F.3d 1483, 1489-90 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." <u>Ashcroft v. Iqbal</u>, ____ U.S. _____, 129 S. Ct. 1937, 1949 (2009).

## II.

From a review of the Complaint, the Court finds the action subject to dismissal for failure to state a claim upon which relief can be granted. Plaintiff names the GEO, Group, Inc. ("GEO") as the sole defendant and alleges that GEO "has a policy to spend as little as possible on security." Complaint at 5. As such, Plaintiff claims that he is "at constant risk of harm" and subject to future harm, including a heart attack or a stroke, as a result of GEO's policy. <u>Id.</u>

First, in order to establish standing, a plaintiff must make a three-prong showing:(1) that he has suffered an "injury in fact"; (2) there must be a causal connection between the injury and the defendant's conduct; and (3) that it is likely and not speculative that the injury can be remedied by a favorable decision in the case at hand. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992). Since Plaintiff does not allege any injury in fact, there is no relief that can be afforded to him through a lawsuit. <u>Dimaio v. Democratic Nat'l Comm.</u>, 520 F.3d 1299, 1301-1302 (11th Cir. 2008). Plaintiff's claims of future potential harm are speculative

and do not present a case or controversy. Lujan, 504 U.S. at 561. Thus, the Court finds Plaintiff lacks standing.

In the alternative, the Complaint fails to state a claim as to Defendant GEO. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001); Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

To state a claim against GEO, a private entity performing public functions, there must be a policy or custom by which the constitutional deprivation was inflicted. German v. Broward County Sheriff's Office, 315 F. App'x 773, 2009 WL 418641 *3 (quoting Buckner v. Toro, 116 F.3d 450, 452-53 (11th Cir. 1997)). "[A]

policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." Goebert v. Lee County, 510 F.3d 1312, 1332 (11th Cir. 2007)(citations omitted).  A custom is established by showing a persistent or widespread practice and an entity's actual or constructive knowledge of such customs, though the custom need not receive formal approval. Depew v. City of St. Marys, 787 F.2d 1496, 1499 (11th Cir. 1986).  However, "[n]ormally random acts or isolated incidents are insufficient to establish a custom or policy." Id. (citation omitted).  The analysis involving a private entity is similar to the custom or policy analysis involved with a municipality. Buckner, 116 F.3d at 452-53.  Thus, a plaintiff must establish that an official policy or custom of the private entity was the "moving force" behind the alleged constitutional deprivation. Monell v. Dep't of Soc. Servs., 436 U.S. at 658, 693-694 (1978).

Here, Plaintiff's allegations that GEO provides inadequate security in order to save money are conclusory.  The Court finds that Plaintiff's allegations against Defendant GEO do not raise his right to relief against GEO above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (2007).  Significantly, the Complaint does not include any facts describing any security measures that are being denied based on

costs, or why Plaintiff believes GEO's decisions are based on costs.  The Complaint is devoid of any facts describing security matters, or failure to protect claims, raised by FCCC residents. The Court finds that Plaintiff's allegations are wholly conclusory, devoid of specific factual support, and consist of nothing more than speculation.  Such allegations need not be accepted as true, and are insufficient to state a constitutional claim.  Iqbal, 129 S. Ct. at 1949.

ACCORDINGLY, it is hereby

**ORDERED**:

1.  The Amended Complaint (Doc. #7) is **DISMISSED without prejudice** pursuant to § 1915(e)(2)(b)(ii).

2.  Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) is **DENIED**.

3.  The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __16th__ day of March, 2011.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record